```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
MARIA FRINET CANTILLO BURGOS            :   13 Civ. 0143 (DLC)
                                        :      08 Cr. 1111-03
                    Petitioner,         :
                                        :   MEMORANDUM OPINION
           -v-                          :        & ORDER
                                        :
UNITED STATES OF AMERICA,               :
                                        :
                    Respondent.         :
                                        :
----------------------------------------X
```

DENISE COTE, District Judge:

Maria Cantillo Burgos ("Burgos") filed a timely petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 on January 3, 2013.  For the following reasons, the petition is denied.

BACKGROUND

Burgos was arrested in Colombia on November 21, 2008, after the United States had filed documents in Colombia seeking her extradition.  Following that arrest, she pleaded guilty and was sentenced in Colombia on December 16, 2009 to a term of imprisonment of ten years, five months, and twelve days.  She was extradited to the United States on March 30, 2010.

Burgos had been indicted on November 13, 2008 in connection with a conspiracy to import cocaine and heroin into the United States.  She entered a plea of guilty to the Indictment's two

counts on December 7, 2010, pursuant to a written plea agreement in which she waived her right to appeal or challenge any sentence at or below 168 months' imprisonment.  The plea, taken before a Magistrate Judge, was accepted on February 15, 2011.

Burgos was sentenced on March 11, 2011, principally to 135 months' imprisonment, to be served concurrently with a sentence imposed upon her in Colombia.  The Government represented at sentence that it understood that the Bureau of Prisons would extend a defendant credit for time served in Colombia to the extent the person is being held solely for purposes of extradition.

Judgment was entered that day.  On the Judgment, the Court recommended to the Bureau of Prison that it consider the following:

> The defendant was indicted in the U.S. on or about November 13, 2008.  The defendant was arrested in Colombia on or about November 21, 2008, and has remained in custody since that date.  The U.S. Government initially requested the extradition of the defendant on or about January 6, 2009.  The Colombian Government ordered the arrest of the defendant for purposes of extradition on or about February 16, 2009, and served the order on the defendant on or about March 4, 2009, while she was in custody in Colombia. On or about April 30, 2009, the U.S. Government formalized its extradition request.  The defendant subsequently pled guilty to Colombian charges stemming from the same conduct charged in this Indictment, and was sentenced in Colombian court on or about December 16, 2009.  The defendant thereafter was extradited to the United States and made her initial appearance in the Southern District of New York on or about March 31, 2010.

Burgos appealed her conviction, arguing that the Court erred by failing to reduce her sentence to account for time spent in Colombian custody as she awaited extradition.  Burgos relied on an analysis of United States Sentencing Guidelines Section 5G1.3(b).  On July 26, 2012, the Court of Appeals for the Second Circuit summarily affirmed the conviction.  <u>United States v. Leandro Cantillo Gutierrez, et. al.</u>, No. 11-1175 (motion order).  It rejected the defendant's sentencing argument, finding that Section 5G1.3(b)(1) was inapplicable.

In her timely petition, Burgos appears to argue that the sentence was unlawful because it failed to take into account a sentence imposed upon her in Colombia, her counsel should have challenged the extradition proceedings in this Court, and her appellate counsel should have made additional arguments on appeal.  The Government opposed the petition, analyzing its arguments in a fifteen page memorandum and attaching pertinent documents.  In her reply, Burgos only asserts that her attorney should have made additional arguments on her appeal.

DISCUSSION

Each of the claims made by Burgos in this petition is without merit.  First, Burgos appears to argue in her petition that the Court erred in imposing sentence because it did not

consider that Colombia had sentenced her for the same conduct. Burgos does not pursue this claim in her reply to the Government's opposition to her petition and it is in any event without merit. This claim is barred by the waiver contained in the plea agreement that Burgos executed at the time of her plea. See United States v. Lee, 523 F.3d 104, 106 (2d Cir. 2008). Burgos has not identified any reason why this waiver should not be enforced. In any event, as the record at the sentencing and the face of the Judgment make clear, the Court considered the criminal proceedings against Burgos in Colombia in deciding what sentence to impose.

Burgos next contends that her attorney provided ineffective assistance of counsel for failing to argue to the District Court that she had been improperly extradited. Again, Burgos appears to have abandoned this argument in her most recent submission. In any event, this claim must be denied since Burgos has failed to identify any prejudice from counsel's failure to litigate this issue. Strickland v. Washington, 466 U.S. 668, 693-94 (1984). Burgos challenged the legality of her extradition in Colombia and in an Opinion of March 8, 2012, the Colombia authorities rejected her claim that the extradition had violated her rights.

Finally, Burgos contends that her appellate counsel rendered ineffective assistance in failing to raise several

4

arguments she identified in her correspondence with him.  These include his failure to challenge the extradition proceedings, to challenge the sentence imposed, to raise a double jeopardy challenge to the prosecution, and to claim ineffective assistance by trial counsel.  This final claim is denied for failure to show either that counsel's failure to raise these issues constituted inadequate representation or that Burgos suffered any prejudice as a result.  Burgos has not shown that any of these arguments has legal merit.  Appellate counsel raised the sole issue that he believed might have merit, and it is his responsibility to sift through issues and pursue those he believes to be stronger.  See, e.g., Jones v. Barnes, 463 U.S. 745, 751-54 (1983).

CONCLUSION

Burgos's January 3, 2013 petition is denied.  In addition, the Court declines to issue a certificate of appealability.  Burgos has not made a substantial showing of a denial of a federal right pursuant to 28 U.S.C. § 2253(c), and appellate review is therefore not warranted.  <u>Love v. McCray</u>, 413 F.3d 192, 195 (2d Cir. 2005).  The Court also finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith.  <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962).  The Clerk of Court shall close the case.

SO ORDERED:

Dated:   New York, New York
         August 20, 2013

　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
                        DENISE COTE
              United States District Judge